**Fernando Ruiz MARTINEZ,
Petitioner—Appellant,**

v.

**Roy A. CASTRO, Warden,
Respondent—
Appellee.**

No. 02–16373.

D.C. No. CV–98–06159–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Aug. 21, 2003.

Before REINHARDT and GRABER,
Circuit Judges, and SHADUR,* Senior
District Judge.

MEMORANDUM **

Petitioner Fernando Ruiz Martinez was
convicted in state court of two counts of
first-degree murder. After exhausting his
state remedies, Petitioner filed a petition
for writ of habeas corpus under 28 U.S.C.
§ 2254. The district court denied the peti-
tion, and we affirm.

The state trial court improperly in-
structed the jury with respect to Petition-
er's "imperfect self-defense" claim. *See
People v. Christian S. (In re Christian S.),*
7 Cal.4th 768, 30 Cal.Rptr.2d 33, 872 P.2d
574, 583 (Cal.1994) (holding that a defen-
dant may argue imperfect self-defense
when he had an actual, but unreasonable,
belief that he was in danger of death or
great bodily injury). However, on direct
review, the state court of appeals held that
the instructional error was harmless be-
yond a reasonable doubt. *See Chapman v.
California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17
L.Ed.2d 705 (1967) (stating the standard
for determining whether a conviction must
be set aside because of federal constitu-
tional error), *overruled in part by Brecht
v. Abrahamson,* 507 U.S. 619, 623, 113
S.Ct. 1710, 123 L.Ed.2d 353 (1993) (limit-
ing *Chapman* to direct review and holding

---

* The Honorable Milton I. Shadur, Senior Unit-
ed States District Judge for the Northern Dis-
trict of Illinois, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

that, in the habeas context, an error is harmless unless it is shown to have had a "substantial and injurious effect" on the jury's verdict (internal quotation marks omitted)).

The physical evidence and a witness' testimony demonstrate that Petitioner shot the victims from outside the car in which they were seated as they were apparently preparing to leave the scene. Petitioner testified that he shot the victims while they were walking away from him toward the car. Either way they plainly were not a threat to Petitioner at the time he shot them. Aside from Petitioner's own testimony, there is no evidence that Petitioner had an actual (if unreasonable) belief that he was in danger, and significant physical and testimonial evidence contradicts his version of events. Thus, the state appellate court's decision that the instructional error was harmless was not contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Wiggins v. Smith,* —— U.S. ——, ——, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003) (stating standard). Further, the court's decision was not based on an unreasonable determination of the facts in the light of the evidence presented at the state-court proceeding. *See* 28 U.S.C. § 2254(d); *Wiggins,* —— U.S. at ——, 123 S.Ct. at 2534 (stating standard). Accordingly, the district court properly denied the petition for writ of habeas corpus.

AFFIRMED.